# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

June 26, 2026

**Via ECF and Email**
Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

The requested modification is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 69.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: June 26, 2026

**Re:     United States v. Reality Lucas**
          **24 Cr. 143 (AS)**

Dear Judge Subramanian,

I write to respectfully request that the Court modify Mr. Lucas' supervised release, which commenced on May 19, 2026, to remove the condition that he spend 12 months in a halfway house.  Mr. Lucas' family and geographic circumstances have changed significantly since we appeared before the Court for sentencing on January 15, 2025. Specifically, Mr. Lucas's mother has passed away, and he has a new place of residence with family outside of New York City. These changes have negated the original rationale for our halfway house request.  The Probation Department, by Officer Michael Stec, has no objection to this request.  The Government, by Assistant United States Attorney Camille Fletcher, defers to Probation's position.

As Your Honor may recall from sentencing, the halfway house condition was initially proposed by undersigned counsel.  The defense principally requested this condition because we wanted to make sure that Mr. Lucas would not be returning directly to his old neighborhood in East Harlem after he was released from his term of imprisonment.  Indeed, the offense conduct in both the instant case (24 Cr. 143) and the underlying case (21 Cr. 382) took place in his old neighborhood.  Among other things, we argued:

> And so the first condition we are asking for as a condition of supervised release is placement in a halfway house. And I think that that's really important here because it would prevent Mr. Lucas from the day he gets out and the day he starts supervised release from going back to this community, back to these buildings that he was living -- the building he was living in and this building where the gun was found. And that, I think, is really a huge difference than what happened last time, right, where he was released, he went right back to the same place, and bad things happened.  Sentencing Transcript, Dkt. No. 59.

In addition, at sentencing, we highlighted Mr. Lucas' relationship with his mother, Dorothy:

> And I think this is already clear from the letters, but I will just note, Mr. Lucas and his mom are unbelievably close. Ms. Lucas has been at every court appearance. Every time we have appeared before your Honor for a short appearance, a long appearance, she's always here. And even though Mr. Lucas is the youngest of his five siblings, or maybe because he is the youngest of his five siblings, he really is the child that has stepped up the most to take care of her, and the one she relies on the most, and I think was never more true than when he nursed her through cancer in 2021 while the previous case was pending. Id.

Unfortunately, while Mr. Lucas was serving his prison sentence, his mother passed away. As an emotional matter, coping with her death – particularly from behind bars – was one of the most traumatic events of Mr. Lucas' life to date. As a logistical matter, Ms. Lucas' death altered her son's future as well. After her death, the family gave up her apartment. As such, there is no place for Mr. Lucas to return to living in East Harlem.

Instead, Mr. Lucas' new home is with his sister in Long Beach, Long Island. Probation did a home visit and approved the residence in advance of his release. Mr. Lucas has his own room and is glad to be around his family as they all navigate their grief. Since his release from BOP custody on May 19, 2026, Mr. Lucas has stayed in close touch with his Probation Officer and undersigned counsel. He is also actively looking for employment.

Now that Mr. Lucas has a safe and supportive living environment – one that is outside of New York City, worlds away from his mother's neighborhood – there is no need to remove him from this positive environment at this time. Given that the original rationale for the halfway house condition has been superseded by these life changes, we ask that you remove this condition of supervised release.

Thank you for your consideration of this request.

Respectfully submitted,
/s/
Sylvie Levine
Attorney for Reality Lucas


cc:    Officer Stec, U.S. Probation Department
       A.U.S.A. Fletcher, U.S. Attorney's Office